■ MARY E. HEWITT, Appellant, v. DONALD S. HEWITT, Respondent.— Order, entered on December 1, 1967, denying plaintiff's motion made pursuant to CPLR 3212 to strike defendant's answer, dismiss the three affirmative defenses contained therein and for summary judgment, unanimously modified, on the law, to the extent of dismissing the first and third defenses, and as thus modified, affirmed, with $50 costs and disbursements to abide the event. In this action to recover arrears due under the terms of a separation agreement and for counsel fees and disbursements, defendant asserted, as his first defense, that the agreement was void as a matter of law and public policy and, as his third defense, that disputes under the agreement should be submitted to arbitration. However, in opposing plaintiff's motion, defendant stated that he was not relying upon said defenses, thereby abandoning same. Again, upon this appeal, defendant stated that he " does not rely on the defenses of arbitration [and] invalidity ". Under the circumstances these defenses should be dismissed. We conclude, however, that there are issues of fact raised with respect to the second affirmative defense as set forth in the decision of Special Term. Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and Rabin, JJ.

## (April 23, 1968)

■ GUSSIE GOLDSAMT, Respondent, v. GEORGIA-PACIFIC CORPORATION, Appellant, et al., Defendants. ANN NEMSER et al., as Stockholders of Georgia-Pacific Corporation, in Behalf of Themselves and All Other Stockholders of Georgia-Pacific Corporation, and in Behalf of and in the Right of Georgia-Pacific Corporation, Respondents, v. GEORGIA-PACIFIC CORPORATION, Appellant, et al., Defendants.— Order and judgment entered January 5, 1968, in each appeal, insofar as the same grants plaintiff's cross motion for orders appointing a Special Referee to hear and determine whether plaintiff's attorneys were entitled to fees, unanimously reversed, on the facts and the law, with $30 costs and disbursements to appellant and cross motions denied. The actions are two of four stockholders' derivative actions, the other two being in the Federal courts. One of the actions was tried in the United States District Court and resulted in a judgment for defendants. The other three, including the two instant actions, were dismissed for lack of prosecution. No applications were made for fees in the other actions. The latter Federal court action was dismissed over four years ago. If any fees were allowable, they could and should have been applied for in that court (*Montro Corp.* v. *Bishop,* 6 A D 2d 787). Moreover, no beneficial result to the corporation from the bringing of the action was shown. Concur — Botein, P. J., Stevens, Steuer, Tilzer and McNally, JJ.